Curia.

When the defendants associated for the purpose of obtaining a charter for a bank, to be established in this town, it is to be presumed that they understood the usual course in which charters of that nature are obtained. There must be a petition to the legislature. There must then be some person whose duty it is to exhibit to the legislature the grounds on which the petition rests, and who is able to remove doubts and objections that may arise. Such a person, it may always be supposed, will be entitled to a *273 reasonable compensation for his services, whether he succeeds in his undertaking or not.
Baylies for the plaintiff.
In the case at bar, the. plaintiff was appointed at a regular meeting of the associates. If any of them were not present, they tacitly agreed to be bound by the acts and doings of those who attended; especially as they did not afterwards protest or object against those acts. Particularly the jury might well infer their assent to an act so necessary to the accomplishment of their views, as the appointment of an agent to solicit from the legislature a charter of incorporation ; and from such assent, a moral obligation arises to make a reasonable compensation for the time and labors of the agent so appointed.
As no objection is made to the amount of compensation demanded by the plaintiff, and found by the jury, let judgment be entered according to the verdict, (a)

 [Where an agent employed in endeavoring to carry a bill through Parliament for making a railway, sued the chairman of a committee of subscribers to the undertaking for his work and labor and expenses incurred as such agent, and it appeared that the agent himself was a subscriber to the undertaking,— held that the action would not lie. — Holmes vs. Higgins, 2 D. R. 196, S. C. 1 B. C. 74, and see Parkin vs. Fry, 2 C. P. 311, and Moneypenny vs. Hortland, 1 C. P. 352,2 C.& P. 378. — But if a member of a club order goods of a stranger, every member, who either concurs in, or subsequently assents to the order, is liable. — Delauney vs. Strickland, 2 Stark 416.—Ed.]